**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS,<br><br>             Plaintiffs,<br><br>v.<br><br>CHERRY HILL CONSTRUCTION INC. a/k/a CHERRY HILL CONSTRUCTION<br><br>             Defendant. | Civil Action No.<br><br><br><br>**COMPLAINT** |

Plaintiffs Zurich American Insurance Company and Zurich American Insurance Company of Illinois, by way of Complaint against defendant Cherry Hill Construction Inc., state as follows:

**THE PARTIES**

1. Zurich American Insurance Company ("ZAIC") is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg,

Illinois 60196.  ZAIC is authorized to transact business and has transacted business in the State of Connecticut.

2.  Zurich American Insurance Company of Illinois ("ZAICI") is an Illinois corporation engaged in the insurance business with a statutory home office and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60169.  ZAICI is authorized to transact business and has transacted business in the State of Connecticut.

3.  ZAIC and ZAICI are collectively referred to as "Zurich."

4.  Upon information and belief, defendant Cherry Hill Construction Inc. a/k/a Cherry Hill Construction ("Defendant") is a corporation organized under the laws of the State of Connecticut with a principal place of business located at 51 Ciro Road, North Branford, Connecticut 06471.

## JURISDICTIONAL ALLEGATIONS

5.  The amount in controversy between the parties is in excess of $75,000.

6.  Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

7. Venue is proper pursuant to 28 U.S.C. § 1400(a) because Defendant maintains a place of business in this District.

## FACTUAL BACKGROUND

8. Zurich repeats, restates, and realleges the allegations of Paragraphs 1 through 6 of this Complaint as if fully set forth herein.

**Workers Compensation Policy**

9. ZAICI issued a policy of worker's compensation insurance to Defendant under Policy No. WC 0508073-03 for the effective dates of March 29, 2021, to March 29, 2022 ("WC Policy").

10. Pursuant to the terms of the WC Policy, initial premiums are based on estimated information submitted by Defendant regarding its estimated exposure (i.e., payroll, salaries, etc.) for the effective dates of coverage.

11. Since initial premiums are based on estimated information, the WC Policy is subject to a post-expiration audit based on actual exposure during the effective dates of coverage. The audit can result in additional earned premiums or return premiums.

12. The audit of the WC Policy produced additional earned premiums in the amount of $206,162.

13.     Zurich provided invoices, demands, and statements for the $206,162 owed for the audit of the WC Policy.

14.     Defendant agreed that $206,162 remains due and owing for the audit of the WC Policy.

15.     Defendant remains indebted to Zurich in the amount of $206,162 for the unpaid audit premiums on the WC Policy.

**Business Automobile Policy**

16.     ZAIC issued a policy of business automobile insurance to Defendant under Policy No. BAP 0508074-03 for the effective dates of March 29, 2021, to March 29, 2022 ("BAP Policy").

17.     Pursuant to the terms of the BAP Policy, initial premiums are based on estimated information submitted by Defendant regarding its estimated exposure for the effective dates of coverage.

18.     Since initial premiums are based on estimated information, the BAP Policy is subject to a post-expiration audit based on actual exposure during the effective dates of coverage. The audit can result in additional earned premiums or return premiums.

19. The audit of the BAP Policy produced additional earned premiums in the amount of $9,706.

20. Zurich provided invoices, demands, and statements for the $9,706 owed for the audit of the BAP Policy.

21. Defendant agreed that $9,706 remains due and owing for the audit of the BAP Policy.

22. Defendant remains indebted to Zurich in the amount of $9,706 for the unpaid audit premiums on the WC Policy.

**General Liability Policy**

23. ZAIC issued a policy of general liability insurance to Defendant under Policy No. GLO 0508071-03 for the effective dates of March 29, 2021, to March 29, 2022 ("GLO Policy").

24. Pursuant to the terms of the GLO Policy, initial premiums are based on estimated information submitted by Defendant regarding its estimated exposure for the effective dates of coverage.

25. Since initial premiums are based on estimated information, the GLO Policy is subject to a post-expiration audit based on actual exposure during

the effective dates of coverage. The audit can result in additional earned premiums or return premiums.

26. The audit of the GLO Policy produced additional earned premiums in the amount of $73,028.

27. Zurich provided invoices, demands, and statements for the $73,028 owed for the audit of the GLO Policy.

28. Defendant agreed that $73,028 remains due and owing for the audit of the GLO Policy.

29. Defendant remains indebted to Zurich in the amount of $73,028 for the unpaid audit premiums on the GLO Policy.

**Facts common to WC Policy, BAP Policy, and GLO Policy**

30. The WC Policy, BAP Policy, and GLO Policy are collectively referred to as the "Policies."

31. Defendant has failed to remit payment to Zurich in the principal amount of $288,896 for audit premiums for the Policies.

32. Payment of the audit premiums was due on September 1, 2022.

33. On or about October 31, 2022, Zurich issued a Statement of Account ("First SOA") to Defendant showing that audit premiums in the principal amount of $288,896 remain due and owing for the Policies.

34. The First SOA included interest in the amount of $4,274.08 that accrued on the unpaid audit premiums at a rate of 9% (nine percent) per annum from September 1, 2022, to October 31, 2022.

35. On or about January 31, 2023, Zurich issued another Statement of Account ("Second SOA") to Defendant showing that audit premiums in the principal amount of $288,896 remain due and owing for the Policies.

36. The Second SOA included interest in the amount of $10,827.66 that accrued on the unpaid audit premiums at a rate of 9% (nine percent) per annum from September 1, 2022, to January 31, 2023.

37. The total amount that remains due and owing to Zurich for the audit premiums is $299,723.66 ($288,896 + $10,827.66).

38. Zurich has repeatedly demanded payment of the $299,723.66 balance owed by Defendant and has attempted to collect same without success.

39. Defendant agreed that $299,723.66 remains due and owing for the audit premiums of the Policies.

40. Defendant has failed, refused, and continues to refuse to remit payment of the audit premiums which Defendant owes to Zurich pursuant to the terms of the Policies, thereby resulting in damages to Zurich in the amount of $299,723.66.

## COUNT ONE
**(Breach of Contract)**

1-40. Zurich repeats, restates and realleges the allegations of Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. The Policies are valid written contracts.

42. Zurich has consistently met its contractual obligations under the Policies.

43. Defendant failed and refused to remit payment of the audit premiums in the amount of $299,723.66 pursuant to the terms of the Policies.

44. Defendant has breached the Policies through its failure and refusal to remit payment of the audit premiums.

45. Defendant's failure to pay the $299,723.66 in audit premiums has resulted in damages to Zurich in the amount of $299,723.66, plus pre-judgment interest, post-judgment interest, and attorney's fees and costs.

**WHEREFORE**, Zurich demands judgment against Defendant in the amount of $299,723.66 for compensatory damages, plus pre-judgment interest accruing at a rate of ten percent (10%) per annum from September 1, 2022, post-judgment interest, attorney's fees and costs, and such further relief as this Court deems just and proper.

## COUNT TWO
**(Account Stated)**

1-40. Zurich repeats, restates and realleges the allegations of Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. Zurich provided Defendant with invoices and statements for the unpaid audit premiums in the amount of $299,723.66.

42. Defendant retained the invoices and statements without objection.

43. Defendant acknowledged that it owes the $299,723.66 to Zurich.

44. Defendant has failed, refused, and continues to refuse to pay the $299,723.66 balance which Defendant owes to Zurich, thereby resulting in damages to Zurich in the amount of $299,723.66, plus pre-judgment interest, post-judgment interest, and attorney's fees and costs.

**WHEREFORE**, Zurich demands judgment against Defendant in the amount of $299,723.66 for compensatory damages, plus pre-judgment interest

accruing at a rate of ten percent (10%) per annum from September 1, 2022, post-judgment interest, attorney's fees and costs, and such further relief as this Court deems just and proper.

### COUNT THREE
**(Unjust Enrichment)**

1-7. Zurich repeats, restates and realleges the allegations of Paragraphs 1 through 6 of this Complaint as if fully set forth herein.

8. Zurich has provided insurance coverage and related services to Defendant for which Defendant has refused to pay.

9. Defendant acknowledged and accepted the benefit of insurance coverage and related services provided by Zurich.

10. Defendant unjustly retained the benefits of insurance coverage and related services without remitting payment to Zurich.

11. Defendant's failure to remit payment for the insurance and related services was to Zurich's detriment.

12. Zurich has repeatedly demanded that Defendant remit payment of the $299,723.66 owed to Zurich for the insurance coverage and related services provided by Zurich.

13. Defendant has failed, refused, and continues to refuse to pay the balance due and owing to Zurich, thereby resulting in damages to Zurich in the amount of $299,723.66, plus pre-judgment interest, post-judgment interest, and attorney's fees and costs.

**WHEREFORE**, Zurich demands judgment against Defendant in the amount of $299,723.66 for compensatory damages, plus pre-judgment interest accruing at a rate of ten percent (10%) per annum from September 1, 2022, plus post-judgment interest, attorney's fees and costs, and such further relief as this Court deems just and proper.

          PLAINTIFFS,
          ZURICH AMERICAN INSURANCE
          COMPANY and ZURICH AMERICAN
          INSURANCE COMPANY OF ILLINOIS,

Dated: February 8, 2023    By: *Frank J. Szilagyi*
          FRANK J. SZILAGYI
          Szilagyi & Daly
          118 Oak Street
          Hartford, CT 06106
          Tel. (860) 904-5211
          E-mail: fszilagyi@sdctlawfirm.com
          Federal Bar No.: ct07859